UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| WRIGHT EXPRESS FINANCIAL SERVICES CORPORATION, a federally-insured Utah Industrial Bank, chartered through the laws of Utah,<br><br>        Plaintiff,<br><br>    vs.<br><br>ACAS ACQUISITION (LOGEX), INC., a California corporation; LOGEX CORPORATION, a Delaware corporation; and LOGISTICS EXPRESS, INC., a California corporation,<br><br>        Defendants. | **ORDER AND MEMORANDUM DECISION**<br><br>Civil No. 2:06-cv-01039 DAK<br><br>Judge Dale A. Kimball<br><br>Judge Brooke C. Wells |

Pursuant to Rule 37,[1] Plaintiff Wright Express Financial Services Corporation seeks sanctions against Defendants ACAS Acquisition (Logex), Inc. ("ACAS"), Logex Corporation ("Logex") and Logistics Express, Inc. ("LEI") for failure to comply with this Court's August 16, 2007, order regarding discovery.[2]  In the August 16, 2007, order the court granted Plaintiff's motion to compel and ordered Defendants to provide the requested discovery.  The Court also warned Defendants that "if they fail to provide the requested discovery this Court will consider

---

[1] *See* Fed. R. Civ. P. 37.

[2] *See* docket no. 34, Plaintiff's motion.

the imposition of sanctions, including the reasonable attorney fees and costs incurred by [Plaintiff] in bringing their motion to compel."[3]

Rule 37 provides that a court may sanction a party for failing to abide by orders or for providing discovery that is evasive, incomplete or non-responsive.[4] The Rule permits a variety of sanctions from those that are more severe such as the striking of pleadings and defenses or the entry of default, to the less severe sanctions such as the imposition of fees and costs.[5] Initially, Plaintiff sought the more severe sanctions of striking pleadings and defenses or having judgment entered against Defendants.[6] In its reply memorandum, however, Wright does recognize that the sanction of default is inappropriate where the fault lies with the attorney as it appears it does in this case.[7] So instead of asking for the sanction of default, Wright once again seeks the discovery previously requested and any attorneys fees and costs incurred by Wright in connection with the instant motion.

In opposition, Defendants allege their failure to respond to the discovery requests and this Court's order was not willful or negligent because Defendants' previous attorney failed to notify Defendants about the discovery requests. In fact, Defendants allege that they did not even learn about this Court's order granting Plaintiff's motion to compel until August 29, 2007, nearly two

---

[3]Order dated August 16, 2007, p. 2.

[4]*See* Fed. R. Civ. P. 37.

[5]*See id.* 37(b).

[6]*See* Mem. in Supp. p. 3-4.

[7]*See* Rep. p. 2.

weeks after it was entered.  According to Defendants, new counsel Snell & Wilmer have now provided Defendants with Plaintiff's discovery requests.  Defendants are working on providing complete responses and have already provided some responsive documents.

As noted by Defendants, a court must consider the following when deciding whether or not to impose sanctions: (1) the degree of prejudice to the other party; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance; and (5) the efficacy of lesser sanctions.[8]  Here, this case is in its relative infancy being less than a year old.  Admittedly Defendants' conduct has created some delay and Defendants should have done a better job of monitoring this case and the actions of previous counsel.  But, the Court finds that the delay was due in large part to Defendants' counsel's failure to provide Defendants with the information necessary to comply with Plaintiff's requests.  Thus, in weighing the factors for imposing sanctions, the Court finds it inappropriate to enter sanctions at this time.  Accordingly, for good cause shown, the Court DENIES Plaintiff's motion for sanctions.

Once again, Defendants are admonished to provide the requested discovery in a timely manner.  This warning, however, is to be considered Defendants last opportunity to comply with the Court's order regarding discovery.  Defendants are ORDERED to provide the requested discovery within thirty (30) days of this order.  If Defendants cannot locate or obtain certain responsive items then they are to file with the Court an affidavit outlining in detail the efforts and

---

[8] *See Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992).

manner undertaken to obtain such discovery and if currently unavailable an estimate of when such discovery will be provided to Plaintiff.

Finally, the parties are encouraged to better cooperate with each other in the future so as to avoid disputes such as this one which may have been resolved via enhanced communication between the parties.

DATED this 1st day of November, 2007.

BY THE COURT:

*[signature: Brooke C. Wells]*

BROOKE C. WELLS
U.S. MAGISTRATE JUDGE